## George E. Sattler *v.* George Beehner, Appellant.

*Judgments—Leases—Judgment on confession—Petition to open.*

The refusal of the Court below to open a judgment will not be reversed, in the absence of proof of abuse of judicial discretion.

Argued October 21, 1925. Appeal No. 222, October T., 1925, from decree of C. P. No. 3, Philadelphia County, September T., 1924, No. 8101, in the case of George E. Sattler v. George Beehner. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgment. Before FERGUSON, J.

The facts are stated in the following opinion of the court below, discharging the rule:

Judgment was entered in this case by confession on a lease, and a rule was taken to open the judgment. It is the contention of the defendant that during the running of the lease he sold his business to three young men and that the plaintiff accepted them as tenants in his place and released him. The plaintiff, on the other hand, contends that defendant was a responsible tenant and that he, the plaintiff, was unwilling to accept the new tenants unless they were able to furnish a surety. Being unable to find such surety a lease was prepared by the plaintiff and executed by defendant, under which defendants sub-let the premises to the new party.

The witnesses for the plaintiff tell a story more consistent and probable than that of the witnesses for the defendant. It seems to be conceded by all the witnesses that the vendees of the defendant were offered to plaintiff as tenants and he refused to accept them without surety. It is a fact they could not obtain a surety and it was so reported to plaintiff. That plaintiff would then change his mind and release a respon-

sible tenant and accept in his stead irresponsible persons is highly improbable. When we examine the documents we find the witnesses for the plaintiff corroborated by most convincing evidence. The lease that plaintiff was willing to execute to the vendee of defendant was signed by them but not by him. When they returned it without surety that lease was discarded and a new one prepared with defendant as the new lessor. This new lease was executed. Whether the parties used the words "sub-let" or not is immaterial. The effect of the new document was a subletting, and defendant himself testified that plaintiff told the new tenants that he, defendant, had the privilege of entering upon the property to see if things were properly conducted. This was an obvious absurdity if the parties intended that defendant was to be released.

Upon a careful examination of the evidence we conclude that the judgment should not be opened.

The rule is discharged.

Defendant appealed.

*Erorr assigned* was the decree of the Court.

*L. W. Baxter,* and with him *Evan B. Lewis,* for appellant.

*Morris Dos Passon,* and with him *Francis J. Maneely,* for appellee.

PER CURIAM, October 29, 1925:

This is an appeal from the refusal of the Court below to open a judgment entered by confession, under a warrant contained in a lease. The opinion filed by Judge FERGUSON, in discharging the rule to open the judgment, fully vindicates the conclusion reached by the court below.

The order is affirmed.